UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH, | 1:16-cv-01528-DAD-EPG (PC) |
| Plaintiff, | <u>ORDER FINDING COGNIZABLE CLAIMS</u> |
| v. | ORDER FOR PLAINTIFF TO EITHER: |
| R. LOZOVOY, et al., | (1)  NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS AGAINST DEFENDANT LOZOVOY; |
| Defendants. | |
| | (2)  FILE A FIRST AMENDED COMPLAINT; |
| | OR |
| | (3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THE COURT ISSUING FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER |
| | (ECF NO. 1) |
| | THIRTY DAY DEADLINE |

## I.      BACKGROUND

Colin M. Randolph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint on October 11, 2016 (ECF No. 1), which is before this Court for screening.  Plaintiff alleges that he did not immediately receive a lower bunk and other medical treatment after injuring his knee.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1),(2).   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."   28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."   Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   While factual allegations are accepted as true, legal conclusions are not. Id.   The mere possibility of misconduct falls short of meeting this plausibility standard.   Id.

### III.   SUMMARY OF PLAINTIFF'S COMPLAINT

On or about March 1, 2015, Plaintiff injured his left knee coming down from his assigned upper bunk.   Plaintiff submitted a medical sick call slip requesting medical attention

On or about March 3, 2015, Defendant correctional officer (C/O) Buyard arrived with a wheelchair and pushed Plaintiff to the doctor's office.   While at the doctor's office, Plaintiff met with Defendant nurse practitioner Lozovoy.   Plaintiff described his symptoms and their effect on his every day activities.   Defendant Lozovoy did not evaluate Plaintiff's injury. Plaintiff asked him for a temporary lower bunk accommodation and wheelchair access for showers as well as adequate pain medication and an X-ray.   Defendant Lozovoy denied all the requests, and stated that he had removed Plaintiff's lower bunk accommodation for exercising and since Plaintiff has gout, Plaintiff's joints are prone to flare ups from any trauma.   Plaintiff

was already receiving medication for gout and pain.  Defendant Lozovoy told Plaintiff he had to figure out how to get off his bunk without stressing his joints.  When Plaintiff protested there was no way to get out the upper bunk without trauma to the joints, Defendant Lozovoy told Plaintiff that other inmates are not complaining and that Plaintiff needed to figure it out.

On or about March 4, 2015, Plaintiff went "man down" and was taken to triage/emergency in a wheelchair, where he was seen by a nurse who evaluated Plaintiff's knee and scheduled an immediate X-ray.  The X-ray came back negative, showing no signs of breaks or fractures.  The person who conducted the X-ray suggested that Plaintiff request an MRI due to the severe swelling.  The nurse who evaluated Plaintiff's knee told Plaintiff that he would be seen later by Doctor Chen.

Plaintiff was taken back to his cell and given 400 mg of ibuprofen, which did not reduce the swelling or pain.  Because Plaintiff could not get on or off the assigned bunk without assistance, he urinated and defecated on himself.

During daily pill rounds, Plaintiff told Defendant Rodriguez that the medication was not working, that the pain and swelling had increased, that Plaintiff needed help getting on and off his bunk, and that Plaintiff was in desperate need for a shower.  Defendant Rodriguez refused to give Plaintiff any medical assistance.

Plaintiff submitted several emergency sick call slips.

On or about March 5, 2015, Plaintiff was seen by Defendant Grewal, a registered nurse.  Plaintiff described his symptoms.  Defendant Grewal told Plaintiff that he had a history of gout and was receiving treatment for it, and that the swelling would subside as well as the pain.  Plaintiff asked for help getting around in the meantime, but Defendant Grewal insisted that Plaintiff deal with it until the swelling and pain subsides.

On March 8, 2015, Plaintiff was seen again by Dr. Grewal who changed Plaintiff's medication from 400 mg ibuprofen to 500 mg of naproxen.  Plaintiff complained that the medication was insufficient.  Defendant Grewal also gave Plaintiff an ACE bandage and an ice pack and said Plaintiff would be issued a walker to get around the cell and to showers.  Plaintiff again asked for a temporary lower bunk, but Dr. Grewal refused the request.

On March 10, 2015, Plaintiff saw Defendant Chen at the medical clinic. Plaintiff described his symptoms and his frustration with his treatment. Dr. Chen told Plaintiff that he had gout and was receiving treatment, and that Plaintiff needed to be patient. Dr. Chen told Plaintiff to figure out a way to live with the upper bunk. Dr. Chen also failed to respond to Plaintiff's request for an MRI.

On March 18, 2015, Defendant Rodriguez came to Plaintiff's cell with his gout medication and told Plaintiff that his uric acid level was going to be checked for gout. Plaintiff asked for assistance in getting down from his bunk and assistance in getting to the clinic for the blood draw. When Defendant Rodriguez refused to give Plaintiff assistance in getting down from the bunk, Plaintiff refused to take his pill for gout until he spoke with a sergeant. Plaintiff did not speak with a sergeant but did take his medication within the hour and at every scheduled time thereafter.

Plaintiff filed prison grievances. As a result of the grievances, on March 19, 2015, Dr. Chen ordered that Plaintiff be given a temporary lower bunk. Plaintiff received a lower bunk on March 20, 2015. On March 27, 2015, Plaintiff was provided a wheelchair to be used to get to showers, yard and visiting.

Plaintiff alleges a violation of the Eighth Amendment for cruel and unusual punishment against five defendants who worked at Kern Valley State Prison during this time.

## IV.   EVALUATION OF PLAINTIFF'S EIGHTH AMENDMENT CLAIM

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that he failed to receive proper treatment for a knee injury, and in particular a lower bunk accommodation and pain medication, from March 1, 2015 through March 18, 2015. It appears that numerous medical professionals did not believe that he required a lower bunk. Repeatedly, the medical professionals assert that the issue is related to Plaintiff's gout, which is already getting treated. With one exception noted below, the medical professionals attempted to diagnose and treat Plaintiff. While Plaintiff disagrees with their medical conclusion, there are no factual allegations that show that they were being deliberately indifferent to a serious medical need.

However, the Court finds that Plaintiff's allegations against Defendant Lozovoy state a

claim for deliberate indifference to serious medical needs.   Unlike the other medical professionals, Plaintiff alleges that Defendant Lozovoy, who is a nurse practitioner, refused to evaluate Plaintiff's injury.   Instead, Defendant Lozovoy stated that he had already removed Plaintiff's lower bed accommodation.   Defendant Lozovoy told Plaintiff that other inmates are not complaining and that Plaintiff needed to figure it out.   Moreover, it was after this visit that Plaintiff alleges that he urinated and defected on his bed because he could not get up and down from the upper bunk.

Although further facts may reveal that Defendant Lozovoy had a different assessment of Plaintiff's medical needs and was not in fact deliberately indifferent, or that the damages associated with Defendant Lozovoy's inaction were insubstantial, the Court finds that these allegations against Defendant Lozovoy are sufficient to state a claim under the Eighth Amendment.

## V.   CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it states a cognizable claim against Defendant Lozovoy for deliberate indifference to serious medical needs in violation of the Eighth Amendment.   However, the complaint states no other cognizable claims against any of the other defendants.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."   Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.   Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).   Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above.   Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.   George v. Smith,

507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice as to how to proceed.  Plaintiff can file an amended complaint if he believes that additional facts would state additional claims under the legal standards described above.  If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course.  Plaintiff can also notify the Court that he is willing to proceed only against Defendant Lozovoy as described above, in which case the Court will begin the process of service of the complaint on Defendant Lozovoy and dismiss the remaining claims. Alternatively, because District Judge Dale A. Drozd is the presiding judge on this case, Plaintiff can notify this Court that he wishes to stand on his complaint, in which case this Court will issue findings and recommendations to Judge Drozd consistent with this order.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    a.  File a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state any additional claims or claims against any additional defendants;

    b.  Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the claim against Defendant Lozovoy for deliberate indifference to serious medical needs in violation of the Eighth Amendment; or

c. Notify the Court in writing that he wishes to stand on this complaint, in which case the Court will issue findings and recommendations to the Judge Drozd consistent with this order.

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01528-DAD-EPG; and

4. <u>Failure to comply with this order may result in the dismissal of this action for failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated:   **January 11, 2017**          /s/ Erica P. Grosjean

                                                                     UNITED STATES MAGISTRATE JUDGE