UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>                   Plaintiff,<br><br>         v.<br><br>R. LOZOVOY, et al.,<br><br>                   Defendants. | 1:16-cv-01528-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE CASE PROCEED AGAINST DEFENDANT LOZOVOY ON A CLAIM OF DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE<br>(ECF NO. 11)<br><br>TWENTY DAY DEADLINE |

**I.     BACKGROUND**

Colin M. Randolph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on October 11, 2016. (ECF No. 1). The Court screened Plaintiff's complaint and found that it stated a claim against Defendant Lozovoy for deliberate indifference to serious medical needs and failed to state any other claims. (ECF No. 10). Plaintiff was given an opportunity to proceed on the single claim, file an amended complaint, or stand on his complaint subject to findings and recommendations to the District Judge consistent with the screening order. (Id.).

Plaintiff filed an amended complaint on February 6, 2017, (ECF No. 11), which is now before this Court for screening.

Plaintiff alleges that he injured his knee on March 1, 2015, and did not receive adequate accommodations until March 20, 2015, when he received a lower bunk chrono, and March 27, 2015, when he received a wheelchair for showers, visiting, and yard.

For the reasons described in the Court's prior screening order and again below, the Court recommends allowing a claim to proceed against Defendant Lozovoy based on the

allegations that Defendant Lozovoy did not evaluate Plaintiff's injury and allegedly told Plaintiff to "figure it out." The Court recommends dismissing all other claims and defendants for failure to plead facts establishing deliberate indifference to serious medical needs, rather than medical negligence.

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

\\\

**III.     SUMMARY OF PLAINTIFF'S COMPLAINT**

On or about March 1, 2015, Plaintiff injured his left knee coming down from his assigned upper bunk "where no safely designed way to do so existed or was clearly posted in or out of cell on how to do so." Plaintiff submitted a medical sick call slip requesting medical attention.

On or about March 3, 2015, Defendant correctional officer (C/O) Buyard arrived at Plaintiff's cell with a wheelchair and pushed Plaintiff to the doctor's office. While at the doctor's office, Plaintiff met with Defendant nurse practitioner Lozovoy. Plaintiff described his symptoms. Defendant Lozovoy did not evaluate Plaintiff's injury. Plaintiff asked him for a temporary lower bunk accommodation and wheelchair access for showers as well as adequate pain medication and an X-ray. Defendant Lozovoy denied all the requests, and stated that he had removed Plaintiff's lower bunk accommodation for exercising and since Plaintiff has gout, Plaintiff's joints are prone to flare ups from any trauma. Defendant Lozovoy also told Plaintiff that Plaintiff was already receiving medication for gout and pain, and that Plaintiff had to figure out how to get off his bunk without stressing his joints. When Plaintiff protested that there was no way to get out of the upper bunk without trauma to the joints, Defendant Lozovoy told Plaintiff that other inmates are not complaining and that Plaintiff needed to figure it out.

Defendant Buyard returned Plaintiff to his cell. Plaintiff told Defendant Buyard that he could not get onto or off his bed without assistance, and that doing so caused unnecessary and excruciating pain. He also indicated that he could not make it to the toilet or shower. Defendant Buyard dismissed Plaintiff's complaints and said he would only be there for the day so "602 it" because he did not want to bothered with medical transport.

On or about March 4, 2015, Plaintiff went "man down" and was taken to triage/emergency in a wheelchair, where he was seen by a nurse who evaluated Plaintiff's knee and scheduled an immediate X-ray. The X-ray came back negative, showing no signs of breaks or fractures. The person who conducted the X-ray told Plaintiff that an MRI would be helpful due to the severe swelling and possible tissue damage. The nurse who evaluated Plaintiff's knee told Plaintiff that he would be seen later by Defendant Doctor Chen.

Plaintiff was taken back to his cell and given 400 mg of ibuprofen, which did not reduce the swelling or pain.  Because Plaintiff could not get on or off the assigned bunk without assistance, he urinated and defecated on himself.

During daily pill rounds, Plaintiff told Defendant Licensed Vocational Nurse Rodriguez that the medication was not working, that Plaintiff needed help getting off his bunk, and that Plaintiff needed her help to get off the bed to use the restroom and shower.  Defendant Rodriguez refused to give Plaintiff any medical assistance.  Plaintiff again urinated and defecated on himself.

Plaintiff submitted several emergency sick call slips.

On or about March 5, 2015, Plaintiff was seen by Defendant Grewal, a registered nurse. Plaintiff described his symptoms and his difficulty getting to the bathroom and requested assistance.  Defendant Grewal acknowledge Plaintiff's medical history of gout, refused to help Plaintiff access the shower, and denied temporary accommodations.

On March 8, 2015, Defendant Grewal changed Plaintiff's medication from ibuprofen to 500mg of naproxen.  The swelling on Plaintiff's left knee had increased and the pain was excruciating.  Plaintiff told defendant Grewal that naproxen did not work in the past during gout flare ups and he doubted it would work now.  Plaintiff told Defendant Grewal that he needed help to get off his bed and to a shower.  Plaintiff was told that he would be given a walker, an ACE bandage, and ice, so that he could shower and get around the cell to the toilet. Plaintiff again asked for a lower bunk accommodation, but Defendant Grewal refused.

Plaintiff continued to suffer excruciating pain and swelling trying to get on and off his bed, and he was not given the walker.  Plaintiff was forced to urinate and defecate on himself because Defendant Grewall did not issue Plaintiff a walker.

On or about March 10, 2015, Plaintiff saw Defendant Chen at the medical clinic. Plaintiff reiterated all of his complaints, and asked about an MRI.  Defendant Chen refused to order an MRI. Dr. Chen acknowledged the treatment that Plaintiff was receiving for Gout, and told Plaintiff to figure out a way to live with the upper bunk.  Plaintiff asked for a permanent lower bed to aide in not causing trauma to his joints, but defendant Chen refused.

On March 18, 2015, during daily pill call, Defendant Rodriguez told Plaintiff that his uric acid level needed to be checked. Plaintiff asked for assistance in getting down from his bunk because he was in excruciating pain and had swelling in his knee. When Defendant Rodriguez refused to give Plaintiff assistance in getting down from the bunk, Plaintiff refused to take his pill and asked to speak with the unit sergeant. Defendant Rodriguez did not retrieve the sergeant. Despite this, Plaintiff did take his medication within the hour and at every scheduled time thereafter. Later, the appointment was rescheduled by defendant Grewal, and Plaintiff's uric acid level was checked.

Plaintiff filed prison grievances. As a result of the grievances, on March 19, 2015, Dr. Chen ordered that Plaintiff be given a temporary lower bunk. Plaintiff received a lower bunk on March 20, 2015. On or about March 27, 2015, Plaintiff was provided a wheelchair to be used to get to showers, yard and visiting.

Plaintiff alleges a violation of the Eighth Amendment for cruel and unusual punishment against five defendants who worked at Kern Valley State Prison during this time.

**IV.     EVALUATION OF PLAINTIFF'S EIGHTH AMENDMENT CLAIM**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to

respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that he failed to receive proper treatment for a knee injury, and in particular a lower bunk accommodation, from March 1, 2015, through March 18, 2015 (on March 19, 2015, Dr. Chen ordered that Plaintiff be given a temporary lower bunk, and on March 20, 2015, Plaintiff received a lower bunk). Plaintiff also received a wheelchair to be used for showers, visiting and yard on March 27, 2015. It appears that numerous medical professionals did not believe that he required a lower bunk and treated Plaintiff only with pain relievers, though they changed that medication when Plaintiff failed to improve. Repeatedly, the medical professionals assert that the issue is related to Plaintiff's gout, which is already getting treated. With one exception noted below, the Court finds that the medical professionals attempted to diagnose and treat Plaintiff. While Plaintiff disagrees with their medical conclusion, and it is possible there is a claim for medical negligence (which is not a federal claim), there are no factual allegations that show that the defendants were being deliberately indifferent to a serious medical need in that they believed that Plaintiff needed medical care but

purposefully refused to provide it.[1]

However, the Court finds that Plaintiff's allegations against Defendant Lozovoy state a claim for deliberate indifference to serious medical needs.  Unlike the other medical professionals, Plaintiff alleges that Defendant Lozovoy, who is a nurse practitioner, refused to even evaluate Plaintiff's injury.  Instead, Defendant Lozovoy stated that he had already removed Plaintiff's lower bed accommodation.  When Plaintiff protested that there was no way to get out of the upper bunk without trauma to the joints, Defendant Lozovoy allegedly told Plaintiff that Plaintiff needed to "figure it out."

Although further facts may reveal that Defendant Lozovoy had a different assessment of Plaintiff's medical needs and was not in fact deliberately indifferent, the Court recommends that these allegations against Defendant Lozovoy be found sufficient to state a claim under the Eighth Amendment.

### V.   CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant Lozovoy for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  Plaintiff has failed to state any other claims, or claims against any other defendants.

The Court is not inclined to permit further leave to amend.  This is Plaintiff's second complaint and the Court has given Plaintiff ample legal guidance.  Plaintiff's two complaints contain substantially the same underlying facts.

Therefore, IT IS HEREBY RECOMMENDED that this case proceed against Defendant Lozovoy for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and that all other claims and defendants be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

---

[1] The Court notes that Plaintiff did allege that Defendant Grewall stated that Plaintiff was going to be given a walker, but that Plaintiff was never issued a walker.  However, while these allegations may state a claim for medical malpractice, there is no indication that Defendant Grewall was deliberately indifferent to a serious medical need.

**twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**March 13, 2017**__                    /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE