| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>Plaintiff,<br><br>v.<br><br>R. LOZOVOY et al.,<br><br>Defendants. | No. 1:16-cv-01528-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(Doc. No. 12) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Colin Randolph is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on plaintiff's first amended complaint, which was filed on February 6, 2017. (Doc No. 11.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 13, 2017, the assigned magistrate judge issued findings and recommendations, recommending that this action proceed against defendant Lozovoy only with respect to plaintiff's claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment, and that all other claims and defendants be dismissed from this action based with prejudice. (Doc. No. 12.) The findings and recommendations were served on plaintiff and contained notice that objections thereto must be filed within twenty days. (*Id.*) On April 3, 2017, plaintiff filed his objections to the findings and recommendations. (Doc. No. 13.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations with respect to plaintiff's claims brought against defendants Lozovoy, Rodriguez, and Buyard to be supported by the record and proper analysis. Accordingly, the court will adopt that part of the findings and recommendation. However, as discussed below, the court declines to adopt the findings and recommendations with respect to plaintiff's claims brought against defendants Grewall and Chen.

## Defendant Grewal

Plaintiff's first amended complaint alleges that on March 5, 2015, defendant Grewall, a registered nurse, evaluated plaintiff's swollen left knee while plaintiff was in his wheelchair. (Doc. No. 11 at 7.) At that evaluation, defendant Nurse Grewall acknowledged plaintiff's medical history of gout. (*Id.* at 8.) On March 8, 2015, plaintiff visited defendant Grewal again and informed defendant Grewall of his excruciating pain and difficulty accessing his toilet and shower. (*Id.*) Defendant Grewall then promised to provide plaintiff with a walker, an ACE bandage, and ice so that he could access the shower and toilet. (*Id.*) Despite this promise, defendant Grewall never issued the walker to plaintiff. (*Id.* at 9.)

These facts, if taken to be true, support a plausible inference that defendant Grewall was aware of a serious medical need and acted with deliberate indifference in failing to keep a promise to provide adequate care. Specifically, of the three items defendant Grewall promised, the walker would appear to be the most important because it would have allowed plaintiff to safely access the toilet and shower and may have prevented plaintiff from worsening his knee injury. As a result, plaintiff has sufficiently stated a claim against defendant Grewal for deliberate indifference to a serious medical need under the Eighth Amendment.

## Defendant Chen

According to plaintiff's first amended complaint, plaintiff saw defendant Doctor Chen March 10, 2015, and communicated his complaints about his knee injury. (*Id.* at 9.) Doctor Chen acknowledged the treatment that plaintiff was receiving for gout and instructed plaintiff to not place unnecessary trauma on his joints. (*Id.*) Plaintiff then asked how he could avoid such

2

trauma while housed on an upper bunk without a safe way to get down. (*Id.*) Defendant Chen told plaintiff he "didn't know" and that plaintiff needed to "figure it out" or plaintiff would "continue to have swollen joints." (*Id.* at 9–10.) Plaintiff asked for a permanent lower bunk chrono to avoid unnecessary trauma, and defendant Chen refused. (*Id.* at 10.) After filing a health care inmate grievance and receiving no response, plaintiff filed a disability grievance, which was accepted on March 18, 2015. (*Id.*) As a result of his inmate grievance, on March 19, 2015, defendant Chen gave plaintiff a temporary lower bed chrono. (*Id.* at 11.)

As with defendants Lozovoy and Grewal, plaintiff has adequately stated a claim of deliberate indifference under the Eighth Amendment against defendant Chen. Plaintiff's first amended complaint suggests that defendant Chen was subjectively aware of plaintiff's medical condition on March 10, 2015, when defendant Chen was told of plaintiff's complaints and thereafter instructed plaintiff not to place unnecessary trauma on his joints. Moreover, despite being specifically asked to be placed in a lower bunk, defendant Chen allegedly responded that it was plaintiff's burden to prevent his injury from worsening. Finally, plaintiff alleges that nine days after denying the request for a lower bunk, defendant Chen reversed his own decision in response to a disability inmate grievance. Taking these facts to be true, it is plausible defendant Chen was deliberately indifferent to plaintiff's needs for at least that nine-day period. Accordingly, plaintiff will be permitted to proceed on his Eighth Amendment claim against defendant Chen.

For the reasons set forth above,

1. The March 13, 2017 findings and recommendations (Doc. No. 12) are adopted in part;
2. This action now proceeds on plaintiff's first amended complaint on plaintiff's claims against defendants Lozovoy, Grewal, and Chen, for deliberate indifference to serious medical needs in violation of the Eighth Amendment;
3. All other claims and defendants are dismissed from this action, with prejudice;

/////
/////
/////

3

4. The Clerk is directed to reflect the dismissal of defendants Buyard and Rodriguez from this action on the court's docket; and

5. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **June 30, 2017**

_____
UNITED STATES DISTRICT JUDGE