UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>        Plaintiff,<br><br>    v.<br><br>R. LOZOVOY, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01528-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NO. 41) |

Colin Randolph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 29, 2018, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 39). Plaintiff asked for appointment of counsel because he was attacked by another inmate and suffered severe head trauma. Plaintiff alleged that because of the head trauma he was currently unable to properly litigate his complaint. Plaintiff's motion was denied without prejudice. (ECF No. 40).

On June 25, 2018, Plaintiff filed another motion for appointment of pro bono counsel. (ECF No. 41). Plaintiff asks for counsel because of injuries he suffered from the assault, including loss of vision in his left eye, hearing loss in his left ear, and constant ringing. Plaintiff

1

alleges that "these physical disabilities inhibit his ability to litigate this case." (Id. at 1).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and the Court still cannot make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, while the Court is sympathetic to Plaintiff's situation, based on the record in this case, it appears that Plaintiff can adequately articulate his claims and respond to court orders. If there are any deadlines that Plaintiff cannot meet due to the injuries he sustained, he may file a request for an extension of those deadlines.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.
IT IS SO ORDERED.

Dated:  **June 27, 2018**                    /s/ Eric P. Groy
                                              UNITED STATES MAGISTRATE JUDGE