| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | UNITED STATES DISTRICT COURT |
| 8 | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>  Plaintiff,<br><br>v.<br><br>R. LOZOVOY,<br><br>  Defendant. | Case No. 1:16-cv-01528-DAD-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S REQUEST FOR SCHEDULING ORDER, EXTENSIONS OF TIME, AND COUNSEL<br><br>(ECF NO. 60)<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF COPY OF SCHEDULING ORDER (ECF NO. 29) |

Colin Randolph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The Telephonic Trial Confirmation Hearing is set for November 4, 2019, at 1:30 p.m., and Trial is set for January 28, 2020, at 8:30 a.m.

On October 7, 2019, Plaintiff filed a request for a copy of the scheduling order, an extension of time to recover a declaration from a witness, an extension of time to prepare his pretrial statement, an extension of time to request attendance of witnesses, and appointment of counsel. (ECF No. 60). Plaintiff states that he needs a copy of the scheduling order, as well as the extensions of time, because his legal property was confiscated and mailed home by correctional staff.

The Court finds good cause to grant Plaintiff's request for a copy of the scheduling order,

1

as well as his request for an extension of time to file his pretrial statement and his request for an extension of time to file his requests for attendance of witnesses.

However, the Court will not grant Plaintiff an extension of time to recover a declaration from a witness. Plaintiff does not explain why he needs a copy of a declaration from a witness he intends to call at trial. Additionally, further extensions would result in a continuance of the trial, which the Court does not find good cause to do.

Plaintiff's request for appointment of pro bono counsel will also be denied. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel. The Court has reviewed the record in this case, and the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim. Moreover, it appears that Plaintiff can adequately articulate his claim.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a copy of the scheduling order (ECF No. 29), including a copy of Local Rule 281.
2. Plaintiff has until October 28, 2019, to file his pretrial statement.
3. Motion(s) for the attendance of incarcerated witnesses, if any, must be filed on or

before November 11, 2019. Oppositions, if any, must be filed on or before November 25, 2019.

4. If Plaintiff wishes to have the Marshals Service serve subpoenas on unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than December 10, 2019. In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses no later than November 11, 2019.

5. All other dates and deadlines, including the date of the Telephonic Trial Confirmation Hearing (which is currently set for November 4, 2019, at 1:30 p.m.) and the date of the Trial (which is currently set for January 28, 2020, at 8:30 a.m.), remain the same.

6. Plaintiff's request for an extension of time to recover a declaration from a witness is DENIED.

7. Plaintiff's request for appointment of pro bono counsel is DENIED.

IT IS SO ORDERED.

Dated: **October 8, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3