1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

COLIN M. RANDOLPH,

             Plaintiff,

   v.

R. LOZOVOY,

             Defendant.

Case No. 1:16-cv-01528-DAD-EPG (PC)

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF PRO BONO
COUNSEL

(ECF NO. 65)

Colin Randolph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*
with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 15, 2019, Plaintiff filed a motion for appointment of pro bono counsel. (ECF
No. 65). Plaintiff asks for appointment of counsel because he will be unable to "properly and
persuasively" cross-examine Defendant; because Plaintiff is unable to afford counsel; because
Plaintiff has attempted to obtain counsel but has been unable to; and because documents relevant
to this case were taken from Plaintiff.[1]

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.
Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

---

[1] Plaintiff does not list any documents, or explain why the documents are relevant to his case.

1

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel. Plaintiff did not provide any evidence suggesting that he is likely to succeed on the merits of his claim. Moreover, the Court has reviewed the record in this case, and the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim. Additionally, it appears that Plaintiff can adequately articulate his claim.

Therefore, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED.

IT IS SO ORDERED.

Dated:  __**October 17, 2019**__                    ____/s/___ Eric P. Goo_____
                                                    UNITED STATES MAGISTRATE JUDGE

2