UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| COLIN M. RANDOLPH, | Case No. 1:16-cv-01528-DAD-EPG (PC) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESSES AND FOR APPOINTMENT OF PRO BONO COUNSEL |
| v. | |
| R. LOZOVOY, | (ECF NOS. 73 & 76) |
| Defendant. | |

## I.  BACKGROUND

Colin Randolph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's First Amended Complaint on his claim against defendant Lozovoy for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  (ECF Nos. 14 & 57).

On November 25, 2019, Plaintiff filed a motion for attendance of witnesses and for appointment of pro bono counsel.  (ECF No. 73).  On December 9, 2019, Plaintiff filed a supplement.  (ECF No. 76).  On December 11, 2019, Defendant filed his opposition to the motion.  (ECF No. 78).  Plaintiff's motion is now before the Court.

## II.  MOTION FOR ATTENDANCE OF WITNESSES

In Plaintiff's motion, Plaintiff requests the attendance of two witnesses, Dr. Chen and Inmate Lawrence Bell.  For the reasons that follow, Plaintiff's motion will be denied.

1.  <u>Plaintiff's Request for the Attendance of Dr. Chen</u>

As the Court informed Plaintiff, "[i]f a prospective witness is not incarcerated, and he or

1

she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821." (ECF No. 29, pgs. 9-10). "Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*." (Id. at 10).

Plaintiff has stated that he cannot provide the required witness fee and travel expenses. (ECF No. 76, p. 2). Accordingly, the Court will not direct the United States Marshals Service to serve a subpoena on Dr. Chen, and Plaintiff's request for the attendance of Dr. Chen will be denied. The Court notes that nothing in this order prevents Plaintiff from securing the voluntary attendance of Dr. Chen.

> 2. Plaintiff's Request for the Attendance of Inmate Lawrence Bell

On February 9, 2018, the Court issued a scheduling order. (ECF No. 29). In the scheduling order, the Court explained the procedures for obtaining the attendance of witnesses, and gave the parties until September 3, 2019, to file motions for the attendance of incarcerated witnesses. (Id. at 7-10). On September 25, 2019, the Court extended the deadline to October 17, 2019. (ECF No. 58, p. 2). On October 9, 2019, the Court extended the deadline to November 11, 2019. (ECF No. 62, pgs. 2-3). It appears that Plaintiff's motion for the attendance of inmate Lawrence Bell was mailed to the Court on November 19, 2019. (ECF No. 73, p. 4).

Plaintiff explains that his motion was not timely filed because he "did not realize, know or suspect that a deadline existed beyond the pretrial statement that he met. In addition, Plaintiff literally in March lost all his legal property and informed the Court of this. Plaintiff requested that Court send him a scheduling order. Upon receipt it didn't state there was a deadline but that of November 4, 2019 at which time Plaintiff's pretrial statement was due...."

Defendant is correct that Plaintiff did not adequately explain why his motion was not timely filed. Plaintiff does not dispute that he received a copy of the Court's scheduling order,

which described the procedures for obtaining the attendance of incarcerated witnesses, and set a deadline for the filing of motions for the attendance of incarcerated witnesses. Plaintiff also does not dispute that he received the orders granting extensions of this deadline.

It is true that Plaintiff informed the Court that he did not have access to his legal property, and that he requested a copy of the scheduling order. However, Plaintiff's request for a copy of the scheduling order was granted (ECF No. 62), and Plaintiff was served with a copy of the scheduling order. As described above, not only did the scheduling order provide a deadline for parties to file motions for the attendance of incarcerated witnesses, it also described the procedures for obtaining the attendance of incarcerated witnesses. Moreover, in granting Plaintiff's request for a copy of the scheduling order, the Court also extended Plaintiff's deadline to file a motion for the attendance of incarcerated witnesses. Despite receiving the procedures for obtaining the attendance of incarcerated witnesses and an extension of time to do so, Plaintiff did not timely file his motion.

As Plaintiff did not timely file his motion for the attendance of Lawrence Bell, and as he failed to show excusable neglect for the late filing (or even good cause for an extension of time), Plaintiff's motion for the attendance of Lawrence Bell will be denied.[1]

### III. MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Plaintiff asks for appointment of pro bono counsel (or co-counsel) because "Plaintiff and the Court can benefit from a skilled and knowledgeble [sic] person cross[-]examining witnesses and presenting evidence," because "Plaintiff has no previous experience in trying a case," and because "at this time [Plaintiff] is poorly following along with what is required. (ECF No. 76, p. 2).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d

---

[1] While not dispositive to the Court's analysis, the Court notes that Lawrence Bell is not a necessary witness. Plaintiff does not allege that Lawrence Bell witnessed the medical appointment where the alleged deliberate indifference occurred. Instead, Plaintiff wants to call Lawrence Bell to corroborate his testimony regarding "the pain experienced by Plaintiff in his inability to ascend and descend from his upper assigned bed," and that "Plaintiff was forced to soil himself because of his inability to ascended and descend assigned upper bed." (ECF No 73, p. 2). Plaintiff may personally testify to this same information at trial.

952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not seek volunteer counsel (or co-counsel).  Plaintiff did not provide any evidence suggesting that he is likely to succeed on the merits of his claim.  Moreover, the Court has reviewed the record in this case, and the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim.  Additionally, it appears that Plaintiff can adequately articulate his claim.

**IV.    ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion for the attendance of witnesses is DENIED; and

2.    Plaintiff's motion for appointment of pro bono counsel is DENIED.

IT IS SO ORDERED.

Dated:    **December 12, 2019**          /s/ *Erica P. Grosjean*
                                         UNITED STATES MAGISTRATE JUDGE

4